NOTICE

Decision filed 07/22/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250478-U

NO. 5-25-0478

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 23-CF-9 |
| | ) | |
| JESSE LANDERS, | ) | Honorable |
| | ) | Mark S. Goodwin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Vaughan and Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held:*    Defendant's 45-year sentence for first degree murder is affirmed where the sentence was neither excessive nor an abuse of discretion.

¶ 2    A Vermilion County jury found defendant, Jesse Landers, guilty of first degree murder. The trial court sentenced him to 45 years in the Illinois Department of Corrections (IDOC), with 3 years of mandatory supervised release. On appeal, defendant contends that his sentence is excessive in light of his mental and physical health ailments and his rehabilitative potential. For the reasons that follow, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4    We recite only the facts necessary to address the specific argument of the parties on appeal. The State charged defendant with three counts of first degree murder following the stabbing death

1

of John Carmean. The State proceeded to trial on count I, which alleged that defendant intended to kill or do great bodily harm to John Carmean, when defendant stabbed Carmean to death without lawful justification. Defendant raised the affirmative defense of self-defense. A jury ultimately found defendant guilty of first degree murder.

¶ 5    On May 8, 2025, the matter proceeded to sentencing. The State did not tender any evidence in aggravation outside of the presentence investigation report. For evidence in mitigation, defense counsel submitted a letter from defendant's daughter, Madison Kochvar. Defendant did not make a statement in allocution.

¶ 6    The State argued that no mitigating factors applied to defendant. The State stated that the "closest that any applies here I suppose is the voluntary intoxication." However, the State argued that defendant "chose to get himself as drunk and high as he was that night just shouldn't be considered as an actual factor in mitigation in this case." In aggravation, the State argued that defendant's conduct caused or threatened serious harm, outside of the actual stabbing of the victim. The State argued that defendant was at someone's home, trying to kick down a door, and made threats to people.

¶ 7    The State also argued that defendant had a history of "prior delinquency and criminal activity." Additionally, the State argued that "any sentence" was "necessary to deter others from committing the same crime." Finally, in aggravation, the State argued that defendant was on mandatory supervised release for aggravated battery at the time he committed the instant offense. For these reasons, the State requested "a sentence in the upper range," suggesting a sentence of 60 years or "closer to the top."

¶ 8    In response, defense counsel noted that there were "approximately 400 pages of medical records" in defendant's presentence investigation report and that the trial court was "aware of some

2

of [defendant's] mental health issues from his previous participation in mental health court.". Counsel argued that this was "somewhat mitigating" where it demonstrated that defendant "had a history of physical and mental health issues." Defense counsel further stated that it appeared that defendant had "struggled with mental health issues his entire life" along with alcohol and drug addiction. For these reasons, defense counsel asked for a sentence of 20 years.

¶ 9 Steve Carmean, the victim's father, offered a victim impact statement. Carmean testified that he used to visit with his son daily. He spoke about the victim, stating that "he would have given you the shirt off of his back so you would stay warm" and defendant "took away a life that had a lot to live for; a young man that I loved with all my heart, a young man that has a daughter." Carmean asked for defendant to receive a sentence of 60 years.

¶ 10 Following argument of the parties and the victim impact testimony, the trial court rendered its sentence. The court "considered the trial evidence, the presentence investigation report and all of its attachments, the history, character and attitude of this Defendant, the evidence and arguments presented in this hearing and the statement by Mr. Carmean here at the end." The court also stated that it considered the "relevant statutory factors in aggravation and mitigation."

¶ 11 Specifically, in aggravation, the trial court noted that defendant's conduct caused harm to the victim. The court noted that the evidence demonstrated that defendant's actions included stabbing Carmean then leaving "without any attempt to remedy the difficulties that that delivered to Mr. Carmean." The court also observed that the evidence demonstrated that defendant was "on a tear" on the date of the crime, wherein defendant spent the day "wreaking havoc in the lives of other people, whether that's the homeowner on Harmon Street, or the tenant in that property, the other individuals that he encountered." Thus, not only did defendant cause harm to Carmean, "but also caused harm to others."

3

¶ 12    In aggravation, the trial court also noted that defendant had a history of prior criminal activity, including violent criminal activity. The court noted that defendant "went through the mental health court program and completed it, and then resumed his criminal lifestyle, again." The court noted that "throughout the length of his contacts with the Court, [defendant] experienced each and every available remedy or sentence that the Court can impose, from court supervision, to probation, to jail, to prison, and yet he found himself, once again, in the circumstances of January 3 of 2023." The court noted that was a "significant factor in aggravation."

¶ 13    The trial court observed that "when you take someone's life, a significant sentence is necessary, if not required, to deter others from committing those same acts." The court also noted that defendant was on mandatory supervised release when he committed this offense.

¶ 14    Turning to the factors in mitigation, the court noted that it did not find any mitigating factors. The court observed that "[v]oluntary intoxication is neither a defense in a case, nor is it a factor in mitigation." Rather, the court determined that defendant made "choices" and "he knows perhaps more than others who have addiction difficulties or mental health difficulties, he knows more than others that there is a path to recovery. He has gone down that path before, and this Court was involved in knowing how he did that." The court noted that defendant "chose to abandon that path and not get back to it." As such, the court had "trouble" "mitigating the seriousness of his actions in this regard for him choosing not to stay on the path or choosing not to take the path that served him once before." For these reasons, the trial court sentenced defendant to 45 years with 3 years of mandatory supervised release.

¶ 15    On May 8, 2025, defendant filed a motion to reconsider sentence. Defendant argued that his sentence was excessive, where the sentence was "not in keeping" with his "past history or

criminality, mental history, family situation, economic status, education, occupational or personal habits."

¶ 16    On June 9, 2025, the trial court held a hearing on defendant's motion to reconsider. Defense counsel stood on its motion, and the State made no argument. The trial court noted that it heard the case through to a jury verdict and heard all the evidence. The court noted that it "considered presentence reports that had been submitted, considered all factors in aggravation and mitigation as required as well, and believes that the sentence imposed while within statutory range was justified by all of those factors." For those reasons, the court denied the motion to reconsider sentence.

¶ 17    This timely appeal followed.

¶ 18                                II. ANALYSIS

¶ 19    On appeal, defendant contends that the trial court abused its discretion by sentencing him to 45 years in prison. Specifically, he argues that the sentence is excessive in light of his mental and physical health ailments and his rehabilitative potential. The State responds, noting that defendant received a below-maximum sentence of 45 years. For the reasons that follow, we affirm defendant's sentence.

¶ 20    Initially, we note that defendant's 45 year sentence was well within the statutory range, where the sentencing range for first degree murder was 20 to 60 years. 730 ILCS 5/5-4.5-20(a) (West 2020). The Illinois Constitution of 1970, article I, section 11, requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "A sentencing court must not only consider rehabilitative factors in imposing a sentence, it must also make rehabilitation an objective of the sentence." *People v. Wendt*, 163 Ill. 2d 346, 352-53 (1994). In fashioning an

5

appropriate sentence, the trial court must consider the defendant's "credibility, demeanor, general moral character, mentality, social environment, habits, and age" and impose a sentence based on the circumstances of each case. (Internal quotation marks omitted.) *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19. The court must also carefully consider the statutory factors in mitigation and aggravation. *People v. Center*, 198 Ill. App. 3d 1025, 1033 (1990). The court is not, however, required to recite and assign a value to each factor considered. *Pina*, 2019 IL App (4th) 170614, ¶ 19. There is a presumption that a circuit court considers all mitigating evidence presented. *People v. Abrams*, 2015 IL App (1st) 133746, ¶ 33.

¶ 21    A trial court's sentencing decision is entitled to great deference. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). Such deference is granted "because the trial court is generally in a better position than the reviewing court to determine the appropriate sentence." *Id.* "If a sentence falls within the statutory limits, it will not be overturned on appeal absent an abuse of discretion." *People v. Bunning*, 2018 IL App (5th) 150114, ¶ 16. "An abuse of discretion occurs only if a sentence greatly varies from the spirit and purpose of the law or where it is manifestly disproportionate to the nature of the offense." *Id.*

¶ 22    First, defendant argues that the sentence is excessive in light of his mental and physical ailments. Specifically, defendant argues that he struggled with mental illness and addiction. He argues that he was "in crisis" at the time of the event, that he "sought help for these issues, while struggling with homelessness." Defendant also argues that he uses a pacemaker due to his heart condition, hypertrophic obstructive cardiomyopathy.

¶ 23    In determining an appropriate sentence, the relevant factors that should be considered include the nature of the crime, the protection of the public, deterrence, punishment, and the defendant's rehabilitative potential. *People v. Bryant*, 2016 IL App (1st) 140421, ¶ 14. "The weight

6

to be attributed to each factor in aggravation and mitigation depends upon the particular circumstances of the case." *People v. Garibay*, 366 Ill. App. 3d 1103, 1109 (2006).

¶ 24 First, the trial court noted that it considered the arguments of counsel. Defense counsel noted that there were "approximately 400 pages of medical records" in defendant's presentence investigation report. Counsel argued that this was "somewhat mitigating" where it demonstrated that defendant "had a history of physical and mental health issues." Defense counsel also stated that defendant had apparently "struggled with mental health issues his entire life" and also struggled with alcohol and drug addiction. The trial court expressly noted that it was "aware of some of his mental health issues from his previous participation in mental health court."

¶ 25 Moreover, the court expressly enumerated the aggravating factors at play in the case before it, while acknowledging defendant's struggles with his mental health. The court determined that defendant caused significant harm not only to the victim, but to others involved with him on the date of the incident, as well. The court also pointed to defendant's criminal history, specifically that defendant completed mental health court yet once again "resumed his criminal lifestyle." The court had a longstanding history with defendant, and it noted that "throughout the length of his contacts with the Court, [defendant] experienced each and every available remedy or sentence that the Court can impose, from court supervision, to probation, to jail, to prison, and yet he found himself, once again, in the circumstances of January 3 of 2023." Finally, the evidence demonstrated that defendant was on mandatory supervised release when he committed this offense.

¶ 26 Based on the record before us, we cannot say that the trial court's imposition of a 45 years sentence constituted an abuse of discretion, where the court was well aware of defendant's struggles with his mental and physical health, yet found the aggravating factors weighed in favor of a higher-end sentence.

¶ 27     Next, defendant argues that the sentence is excessive in light of his rehabilitative potential. A defendant's rehabilitative potential is not entitled to more weight than the seriousness of the offense. *People v. Alexander*, 239 Ill. 2d 205, 214 (2010). Further, a sentencing "court has no obligation to recite and assign value to each factor presented at a sentencing hearing." (Internal quotation marks omitted.) *People v. Brazziel*, 406 Ill. App. 3d 412, 434 (2010).

¶ 28     As noted above, the record demonstrates that this particular defendant had a longstanding history with the trial court. The court expressly stated that defendant made "choices" and "he knows perhaps more than others who have addiction difficulties or mental health difficulties, he knows more than others that there is a path to recovery. He has gone down that path before, and this Court was involved in knowing how he did that." The court noted that defendant "chose to abandon that path and not get back to it." As such, the court had "trouble" "mitigating the seriousness of his actions in this regard for him choosing not to stay on the path or choosing not to take the path that served him once before." Moreover, defendant was on mandatory supervised release for aggravated battery when he committed the offense herein. As such, the record sufficiently demonstrates that, at the time of sentencing, defendant had scarce rehabilitative potential.

¶ 29     As a whole, defendant essentially asks this court to reweigh the sentencing factors, claiming that his 45-year sentence is excessive. While it is true a trial court's sentencing discretion is "not unfettered" (*People v. O'Neal*, 125 Ill. 2d 291, 297 (1988)) and that the appellate court was never meant to be a "rubber stamp" for the sentencing decisions of the trial court (*People v. Woodson*, 2024 IL App (1st) 221172, ¶ 89), it is also axiomatic that this court "must not substitute its judgment for that of the trial court merely because [we might] have weighed" the pertinent sentencing factors differently. *Stacey*, 193 Ill. 2d at 209. A reviewing court's role is not to reweigh

the sentencing factors or substitute its judgment for that of the trial court. *People v. Klein*, 2022 IL App (4th) 200599, ¶ 37.

¶ 30 Here, the record reflects that the court considered the evidence and arguments of the parties, the PSI, the history, character, and attitude of defendant, and the relevant statutory factors in aggravation and mitigation. Specifically, the court stated that it "considered the trial evidence, the presentence investigation report and all of its attachments, the history, character and attitude of this Defendant, the evidence and arguments presented in this hearing and the statement by Mr. Carmean here at the end." The factors considered by the sentencing court provide a sufficient basis for the prison sentence imposed in this matter, and the court's sentence was within the statutory range of sentences permissible. For these reasons, under the facts and circumstances of this case, we do not find that defendant's sentence was excessive or that the court abused its discretion in sentencing defendant.

¶ 31                                          III. CONCLUSION

¶ 32 For the foregoing reasons, we affirm the judgment and sentence of the circuit court of Vermilion County.


¶ 33 Affirmed.